**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| ZURI S.K. YOUNG, | ) | NO. CV 19-1336-AG(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| PEOPLE OF THE STATE OF CALIFORNIA, | ) | |
| Respondent. | ) | |

**INTRODUCTION**

Petitioner, a state prisoner, filed a "Federal Petition to Recall a [sic] Unlawful Sentence Under 28 U.S.C. § 2255-Motion" ("the Petition") on February 22, 2019. The Petition seeks to challenge a 1998 Superior Court criminal judgment. Petitioner states that he is seeking to "recall a [sic] illegal and unconstitutional 3 strikes sentence that I have fought for 21 years!" As part of the referenced "fight," Petitioner previously challenged the 1998 Superior Court judgment in a federal habeas petition filed in 2001 and denied with prejudice in the same year. See Young v. Terhune, ED CV 01-474-

GLT(E).

Petitioner insists that the present Petition "is not, and should not be construed as a petition for writ of habeas corpus. . . ." Instead, Petitioner invokes 28 U.S.C. section 2255 and the All Writs Act as the purported bases to challenge his state sentence. For the reasons discussed below, this Court lacks jurisdiction to entertain the merits of the Petition, regardless of how the present Petition might be characterized.

**DISCUSSION**

Section 2255 of Title 28 U.S.C. cannot give the Court jurisdiction to entertain the merits of the present Petition because Petitioner is not "in custody under sentence of a court established by Act of Congress," within the meaning of section 2255. Petitioner is in custody under sentence of a California Superior Court, a court not established by Act of Congress. See Cummings v. United States, 2007 WL 2900170, at *3 (E.D. Cal. Sept. 28, 2007) (courts "established by Act of Congress" within the meaning of section 2255 are federal courts, not state courts). Further, section 2255 only authorizes a motion directed to "the court which imposed the sentence . . ." This federal court did not impose the Superior Court sentence Petitioner seeks to challenge. In 2011, this Court rejected a previous attempt by Petitioner to invoke jurisdiction under 28 U.S.C. section 2255 to challenge his state sentence. See Young v. The People of the State of California, CV 11-5194-AHM(E). In the present case as well, Petitioner has no remedy under section 2255. See Clay v. United

States, 537 U.S. 522, 531 (2003) ("Section 2255, however, governs only petitions by federal prisoners . . .").

Petitioner's invocation of the All Writs Act also fails to furnish any basis for federal jurisdiction. "[T]he All Writs Act empowers federal courts only to act to preserve their jurisdiction, which jurisdiction must have independent source in the law." Rendall v. Carey, 2002 WL 1346354, at *2 n.3 (N.D. Cal. May 31, 2002) (citing Jackson v. Vasquez, 1 F.3d 885, 888-89 (9th Cir. 1993)). Thus, a federal district court has no jurisdiction under the All Writs Act to entertain a petition attacking a state criminal judgment. Chavez v. Superior Court, 194 F. Supp. 2d 1037, 1039 (C.D. Cal. 2002); see Rendall v. Carey, 2002 WL 1346354, at *2 n.3 ("the All Writs Act cannot be used as a substitute for habeas corpus"). Notably, in 2018 this Court rejected a previous attempt by Petitioner to challenge his state criminal judgment through the All Writs Act. See Young v. People of the State of California, CV 18-2208-AG(E).

If, notwithstanding Petitioner's disavowal of any intention to seek habeas corpus relief, the Court were to recharacterize the present Petition as a petition under 28 U.S.C. section 2254, the result would be the same. The Court would lack jurisdiction to entertain the Petition because the Petition would be "second or successive." See 28 U.S.C. § 2244(b); see Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-

3

appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"); see also Rule 9 of Rules Governing Section 2254 Cases in the United States District Courts. A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). This Court has rejected several previous attempts by Petitioner to bring a "second or successive" habeas petition challenging his 1998 state criminal judgment. See, e.g., Young v. State of California, ED CV 11-566-AHM(E); Young v. Horel, ED CV 08-454-AHM(E); Young v. Harrison, CV 04-9884-AHM(E).

According to the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database, no individual named Zuri Young has obtained an order from the Ninth Circuit permitting the filing of a successive habeas petition in this Court. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). Therefore, a recharacterization of the Petition as a habeas petition would not give this Court jurisdiction.

///
///
///
///
///
///

For the reasons discussed above, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: March 30, 2019.

_____
ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE

PRESENTED this 27th day
of February, 2019, by:

          /s/
     CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE